UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DONNA M. BUTLER,

        Plaintiff,                      Case No. 1:05-CV-614

v.                                            HON. GORDON J. QUIST

HOPE NETWORK BEHAVIORAL
HEALTH SERVICES,

        Defendant.
_____/

**OPINION**

Plaintiff, Donna Butler ("Butler"), filed a complaint against Defendant, Hope Network Behavioral Health Services ("HNBHS"), under Title VII of the Civil Rights Act of 1964, alleging discrimination on the basis of national origin. Now before the Court is HNBHS's motion for summary judgment. For the following reasons, the Court will grant HNBHS's motion for summary judgment.

**I. Background**

HNBHS provides services and housing to individuals with disabilities. HNBHS employed Butler from 1994 until 2004 as a residential instructor at HNBHS's "Hillcrest Home" facility. Hillcrest Home is a state licensed treatment facility for adults with mental illness. Butler, in her capacity as residential instructor, typically worked the third shift from 11 p.m. to 7 a.m. with another individual, with one employee sleeping while the other performed the job's duties.

Hillcrest Home is a unionized facility and a collective bargaining agreement ("CBA") between OPEIU Local 459 and HNBHS governs the wages, hours, terms, and conditions of

employment at Hillcrest Home. The CBA sets forth levels of offenses and discipline for employees. Among the classified offenses are "other than serious" and "serious." The CBA provides for termination of employment for two serious or four "other than serious" offenses in a twelve month period.

Butler committed several offenses beginning in 2004. First, Butler committed an "other than serious" offense in January 2004, by failing to attend a monthly staff meeting. Butler committed a serious offense by leaving her shift early without permission on March 17, 2004. Butler committed a second serious offense within a twelve month period when she falsified her time card in March 2004. Rather than terminate Butler, HNBHS entered into a Last Chance Agreement ("LCA") with Butler and her union on May 11, 2004. The LCA stated that "any violations of an 'other than serious,' 'serious,' or 'grievous' charge would result in immediate discharge." The LCA was to expire after one year, on May 11, 2005.

Sometime around June 25, 2004, HNBHS required that Butler conduct a fire drill during her shift. Butler was the only employee working during this shift. Butler did not conduct the fire drill. This constituted an "other than serious" offense. On June 23, 2004, Butler submitted a request for time off using a form bearing the signature of her supervisor from a previous approval of a request. The old requested dates had been whited out and replaced by the new dates, but the supervisor's signature and date of signature were still partially visible. After reviewing the request, HNBHS determined that Butler had falsified the form, a "serious" offense. On July 8, 2004, HNBHS terminated Butler's employment because both the "other than serious" and "serious" offenses violated the LCA.[1]

---

[1] Under the LCA's terms, either of the offenses alone was grounds for immediate termination.

In March 2005, Butler filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC"). Although Butler filed the claim as race discrimination, she described her claim in terms of national origin discrimination, and that is how the EEOC interpreted the claim. The EEOC dismissed the claim and Butler filed this lawsuit on September 8, 2005.[2]

## II.  Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

## III.  Analysis

Butler does not contend that there is any direct evidence of discrimination and relies solely upon circumstantial evidence.[3] Butler claims that her supervisor and other HNBHS employees treated a similarly situated employee "differently and more favorably," which Butler "feel[s] was

---

[2] Butler raises claims of discrimination based on her union activity and physical condition for the first time in her response to HNBHS's motion for summary judgment. (Pl.'s Resp. to Def.'s Letter of Statements and Facts at 33-34.) Because these claims were not pled in her complaint, the Court will not address these claims. *See White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 558-69 (6th Cir. 1990) (holding that even under the standards requiring liberal construction of pleadings, a party cannot pursue unpled claims).

[3] Butler admits that nobody at HNBHS ever made a comment to her about her national origin and that there are no written documents making direct statements about her national origin. (Butler Dep. at 72, 124-25.)

due to their discriminating between us due to our different nationalities." (Pl.'s Resp. to Def.'s Letter of Statements and Facts at 33.)

A plaintiff can establish a prima facie case of discrimination by showing that (1) she was a member of a protected class; (2) she was discharged; (3) she was qualified for the position; and (4) a comparable non-protected person was treated better. *Mitchell v. Toledo Hosp.* 964 F.2d 577, 582 (6th Cir. 1992). Where there is no direct evidence of discriminatory intent, proof of discriminatory motive can be inferred from the mere fact of differences in treatment. *See Shah v. General Elec. Co.*, 816 F.2d 264, 267 (6th Cir. 1987). To meet the fourth prima facie element under a claim of disparate treatment, "the plaintiff must produce evidence that: (1) she is a member of a protected class, and (2) for the same or similar conduct she was treated differently from similarly situated [non-protected] employees." *Hollins v. Atlantic Co., Inc.*, 188 F.3d 652, 658 (6th Cir. 1999).

Butler fails to establish a prima facie case of discrimination because she does not show that she was treated differently than a similarly situated individual outside of the protected class. Butler contends that an employee of African origin known only as "Ruth K." was treated more favorably. Under a theory of disparate treatment, "the plaintiff and the employee with whom the plaintiff seeks to compare himself must be similar in all of the *relevant* aspects" for the two to be considered similarly-situated. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998) (emphasis in original) (internal quotation marks omitted). "Relevant factors for determining whether employees are similarly situated often include the employees' supervisors, the standards that the employees had to meet, and the employees' conduct." *Johnson v. Kroger Co.*, 319 F.3d 858, 867 (6th Cir. 2003) (citing *Ercegovich*, 154 F.3d at 352).

Butler has not presented any evidence creating a genuine issue of material fact as to whether she was treated differently from a similarly situated employee based on national origin. Although

Butler states that Ruth K. was employed in the same capacity as Butler and sometimes worked the same shift, Butler does not present any employment records or other evidence regarding Ruth K.'s position at HNBHS. This is exemplified by the fact that the Court knows the alleged similarly situated employee only as Ruth K.

Even assuming that Ruth K. was similarly situated in terms of her job description and supervisors, Butler admitted that Ruth K. was not working subject to an LCA, so the two were not similarly situated with regard to conduct. (Butler Dep. at 127.) Butler argues that this difference in discipline is evidence of discrimination because Ruth K. allegedly failed to perform fire drills but was not disciplined. Butler does not present any evidence supporting her assertion that Ruth K. failed to perform fire drills. However, even if Ruth K. failed to perform a fire drill, under the CBA this "other than serious" offense would not have resulted in her termination or placement under an LCA, and the employees would still not be similarly situated in terms of conduct.[4] Butler also overlooks the fact that her LCA was a result of her three previous offenses, two of which were considered "serious," rather than her failure to perform a fire drill.[5]

Finally, although Butler stated her belief that Ruth K. is from Africa, Butler does not present any evidence supporting this assertion. Butler relies on her own recollection of Ruth K.'s statement that she was from Kenya. Therefore, Butler fails to show that Ruth K. was a member of the non-

---

[4] Under the CBA, four violations of an "other than serious" offense within a twelve month period are grounds for termination. Plaintiff is mistaken in her contention that if Ruth K. was disciplined for not performing fire drills, "she would have been terminated for receiving two minor violations in one year." (Pl.'s Resp. to Def.'s Letter of Statements and Facts at 33.)

[5] Butler states that her focus is on proving "that the initial write-ups leading to my being terminated according to the guidelines of the last chance agreement were both discriminatory and invalid." (Pl.'s Resp. to Def.'s Letter of Statements and Facts at 21.) However, Butler only addresses the fire drill and time sheet falsification and mistakenly states that the LCA was a result of her failure to perform the fire drill. (*Id*. at 33.) While at HNBHS Butler never challenged the offenses resulting in the LCA on the grounds that they were discriminatory or invalid. Butler admits that, prior to her termination, she never complained to HNBHS that she felt she was being treated unfairly or differently because of her national origin. (Butler Dep. at 135.) Butler does not present any evidence that the disciplinary actions resulting in the LCA were discriminatory.

5

protected class.  Because Butler does not present any direct evidence of discrimination and cannot show that a similarly situated employee of a non-protected class was treated differently, the Court will grant HNBHS's motion for summary judgment.

## IV.  Conclusion

For the foregoing reasons, the Court will grant HNBHS's motion for summary judgment.

An Order consistent with this Opinion will be issued.


Dated:  October 31, 2006                                             /s/ Gordon J. Quist
                                                                                GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE